

# COURT OF APPEALS
# EIGHTH DISTRICT OF TEXAS
# EL PASO, TEXAS

---

## No. 08-21-00065-CV

---

MRC Permian Company/Holland Acquisitions, Inc., d/b/a Holland Services,
Appellant/Cross-Appellee

v.

Holland Acquisitions, Inc., d/b/a Holland Services/MRC Permian Company,
Appellee/Cross-Appellant

---

On Appeal from the 143rd District Court
Loving County, Texas
Trial Court No. 17-06-869

---

## MEMORANDUM OPINION

On the Court's own motion, we lift our abatement order dated April 28, 2021, reinstate this appeal, and we dismiss the appeal for the reasons explained below.

In May 2019, MRC Permian Company filed a notice of appeal from an interlocutory order granting partial summary judgment against it, naming numerous parties as Appellees. The named Appellees, including Holland Acquisitions, Inc. d/b/a Holland Services (Holland), filed cross appeals. The appeal was initially docketed in this Court as Cause Number 08-19-00124-CV. On March 18, 2021, Holland filed a suggestion of bankruptcy. On April 28, 2021, we entered orders severing and abating the appeal with respect to Holland and created a new cause number for the Holland appeal, Cause No. 08-21-00065-CV. We further directed the parties to inform us when the bankruptcy terminated. On the same day we severed that appeal, we issued an opinion in the case that remained under Cause Number 08-19-00124-CV. *MRC Permian Co. v. Point Energy Partners Permian LLC*, 624 S.W.3d 643 (Tex. App.—El Paso 2021). On April 21, 2023, the Texas Supreme Court reversed our decision, rendered judgment in part, and remanded certain issues to this Court to resolve in that case. *Point Energy Partners Permian, LLC v. MRC Permian Co.*, 669 S.W.3d 796, 800 (Tex. 2023).

On May 3, 2023, while Cause Number 08-19-00124-CV remained pending before the Texas Supreme Court, we ordered the parties in this case to file a motion or response regarding the status of Holland's bankruptcy. On May 17, 2023, Holland responded and informed us that the bankruptcy proceeding remained pending, that its assets had been liquidated, and that final distributions from the bankruptcy estate would likely occur a few weeks thereafter. Over a year later, Holland's counsel, Philip Vickers, filed an unopposed motion to withdraw as counsel. In the motion, Vickers notified the Court that the bankruptcy proceeding had terminated on March 11, 2024. He thus requested that he and his firm be permitted to withdraw from representing Holland in this appeal. We granted the motion to withdraw in July of 2024.

We then issued another order on August 7, 2024, requesting both parties to file letter briefs updating the Court on the status of the bankruptcy and to advise the Court on the effect of the bankruptcy termination on the dispute between them. We notified the parties that failure to respond would result in dismissal of this appeal. *See* Tex. R. App. P. 42.3(b), (c). Holland did not respond to our order, but MRC filed a letter brief agreeing that the bankruptcy proceedings had closed. Additionally, on August 27, 2024, MRC requested we vacate the trial court's judgment in part and remand to the trial court to allow the parties to amend their pleadings or complete other steps necessary to develop a record on the bankruptcy issue. By order issued September 27, 2024, we denied MRC's request to reverse the summary judgment. Instead, we extended the abatement of this appeal and ordered the trial court to conduct a hearing to develop a record on whether and to what extent the bankruptcy proceeding resolved the claims and counterclaims of the parties in this appeal.

The trial court held a hearing and issued findings of fact and conclusions of law.[1] The trial court found that the Holland bankruptcy proceeding closed on March 11, 2024. It further found that the Chapter 7 trustee had not identified any claims of Holland against MRC in the bankruptcy proceeding or that the trustee pursued any claims against MRC in that proceeding. And although MRC filed a claim as a general unsecured creditor, it did not receive any distribution in the bankruptcy proceeding. Moreover, the court found that MRC had expressed a desire to nonsuit its claims against Holland, and that "MRC recommends that the trial court's April 30, 2019 summary judgment order be vacated as to Holland so that MRC may non-suit its claims against Holland and seek dismissal of its claims against Holland without prejudice." Finally, it concluded that "[a]s

---

[1] While the appeal remained abated, attorney Jim Taylor of Beck Redden LLP filed with this Court a motion to withdraw and designate new lead appellate counsel, attorney Jonathan R. Mureen of the firm of Squire, Patton, Boggs, LLP, Dallas, Texas, who represented MRC at the hearing held on October 31, 2024.

long as Holland is not represented by counsel, it cannot pursue its claims, if any, against MRC in Texas courts."

Accordingly, in accordance with the trial court's findings of facts and conclusions of law, and because Holland has failed to respond to this Court's August 7, 2024 order, we dismiss Holland's appeal for want of prosecution.[2] Tex. R. App. P. 42.3(b), (c). For similar reasons, we dismiss MRC's cross-appeal for want of prosecution, in light of MRC's representation to the trial court that it sought to nonsuit its claims against Holland; its failure to object to the trial court's findings and conclusions of law in the trial court or in this Court; and its failure to provide any other evidence or to show that any claims against Holland remain pending for purposes of this appeal. Moreover, MRC has not filed a request to reinstate the appeal, nor has it filed any pleadings with the Court since its August 27, 2024 letter requesting a hearing in the trial court.

We therefore dismiss both the appeal and the cross-appeal with prejudice.[3]


GINA M. PALAFOX, Justice

December 9, 2025

Before Palafox, J., Soto, J., and Rodriguez, C.J. (Ret.)
Rodriguez, C.J. (Ret.), (sitting by assignment)

---

[2] We note that all notices and orders from this Court were sent to Holland's last known address. Each time the mailing was returned, marked "return to sender . . . unable to forward." Further, as the trial court noted in its findings of fact, Holland is currently shown in public records as an inactive corporation.

[3] We dispose of the other issues raised by MRC and the other parties in the appeal in Cause Number 08-19-00124-CV, in an opinion we issue this same day.